IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BANOS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No.   07-2783 |
| | : | |
| STATE FARM INSURANCE COMPANY | : | |

## MEMORANDUM AND ORDER

**Juan R. Sanchez, J.**                                                    **October 10, 2007**

State Farm Fire and Casualty Company[1] asks this Court to dismiss a Complaint by four

siblings who believe they should share in the proceeds of a fire insurance policy.  State Farm says

it is only obligated to pay the two named insureds; the siblings argue the company's agent knew all

six siblings owned the property and should share in the proceeds.  I will grant State Farm's Motion

in part and deny it in part, dismissing the contract and equity claims but allowing the negligence and

fraud claims to proceed.

**FACTS**[2]

This is a dispute among the children of Anna Banos over the fire insurance proceeds for a

property in Monroe County which burned.  While she lived, Anna Banos insured her home with

State Farm through its agent George Wausnock.  Anna Banos died in 2002, leaving the property to

---

[1]Defendant is incorrectly designated as State Farm Insurance Company in the Complaint.

[2]When I consider a Motion to Dismiss, I accept all allegations in, and reasonable inferences from, the Complaint as true and view them in the light most favorable to the Plaintiffs. *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989).

six[3] of her children.

State Farm continued to insure the property against fire with two of the six siblings, John and David Banos, listed as the named insureds.  In December 2004, the property burned.  A month after the fire, one of the other four siblings, Marianne Wengert, received a letter from a State Farm Claims Manager, Geoffrey P. Fowler, assuring her "[t]o protect the interest of all the owners, the settlement draft . . . was issued with all six owners listed on the draft. . . . we will not reissue the settlement draft without all the owner's [sic] names appearing on the draft."  Pl.'s Resp. to Mot. to Dismiss Ex. C.

Less than a month later, State Farm paid the policy proceeds to John and David Banos.  The face value of the policy was $166,825.  In June 2005, State Farm stated it "has resolved this claim with our named insureds according to provisions of the Homeowner's Policy. . . . our involvement in the matter is now concluded."  Pl.'s Resp. to Mot. to Dismiss Ex. D.

The four disappointed siblings sued State Farm in state court alleging negligence, fraud, and bad faith seeking equity, reformation, and punitive damages.   State Farm removed the case to this Court and filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**DISCUSSION**

This Court may only grant a Rule 12(b)(6) motion "if it appears to a certainty that no relief could be granted under any set of facts which could be proved."  *D.P. Enter. Inc. v. Bucks County Cmty. Coll.,* 725 F.2d 943, 944 (3d Cir. 1984).  Pennsylvania law applies to this *Erie*-bound[4] case.

The four siblings have no claim in contract.  Under Pennsylvania law, an insurance policy

---

[3]The deed lists seven children inheriting; Joseph Banos is not a party to this lawsuit and died in the interim.  The seven children took title as joint tenants with a right of survivorship.

[4]*Erie Railroad Company v. Tompkins,* 304 U.S. 64, 78 (1938).

benefits only the insureds.  A "contract of insurance is for the benefit and protection of the insureds only." *Fran and John's Doylestown Auto Center, Inc. v. Allstate Ins. Co.*, 638 A.2d 1023, 1027 (Pa. Super. 1994) (citing *Fizz v. Kurtz, Dowd & Nuss, Inc.*, 519 A.2d 1037 (Pa. Super. 1987)).

A fire insurance policy is a personal contract.  *In re Gorman's Estate*, 184 A. 86, 87 (Pa. 1936).  The terms of the contract, not ownership, determines to whom an insurer is obligated.  *McDivitt v. Pymatuning Mut. Fire Ins. Co.*, 449 A.2d 612, 613 (Pa. Super. 1982) (affirming payment of fire insurance proceeds to wife over husband's objections when wife was the sole insured).  The Banos siblings were not parties to the contract with State Farm; as a consequence, they have no contractual claim against the company.

The siblings are not insureds under the contract either.  The insurance policy covers the named insured and insureds defined as  "residents of [the named insured's] household: your relatives, and any other person under the age of 21 who is in the care of a person described above." Pl.'s Resp. to Mot. to Dismiss Ex. B, 1.  None of the four lived in the household of the named insureds, John and David Banos.  Because the siblings are not parties or insureds, they may not seek reformation of the contract.  Reformation is a remedy available only to the parties to enforce a contract in which a provision has been incorrectly or imperfectly expressed.  *Erie Telecommunications, Inc. v. City of Erie, Pa.*, 853 F.2d 1084, 1091 (3d Cir. 1988).

There is no common law remedy in Pennsylvania for bad faith on the part of insurers. *D'Ambrosio v. Pennsylvania National Mutual Casualty Ins. Co.*, 431 A.2d 966, 970 (1981). Recovery under Pennsylvania's bad faith statute is limited to insureds.  42 Pa.C.S. § 8371 (restricting the statute to those cases in which "the insurer has acted in bad faith toward the insured.").  The question of whether section 8371 sounds in contract or in tort is unsettled.  In a statute of limitations

3

case, the Third Circuit held even if Pennsylvania ultimately decided section 8371 sounded in tort, insurers also have a common law contractual obligation to act in good faith.  *Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 237 (3d Cir. 2003) (citing *Birth Center v. St. Paul Cos., Ins.*, 727 A.2d 1144, 1159 n.9 (Pa. 1999)).  In Pennsylvania, there is no common law tort duty to act in good faith.  Mere negligence or bad judgment is not bad faith.  *Terletsky v. Prudential Property and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994).  Thus, the disappointed siblings have no bad faith claim against State Farm.

The siblings' negligence and fraud claims will survive the Motion to Dismiss because each presents a factual question sufficient, for now, to carry them at least to discovery.  The question of whether the agent's negligence, which we accept as true under a Motion to Dismiss, is attributable to his principal, State Farm, is a question of fact.  *Taylor v. Crowe*, 282 A.2d 682, 683 (1971) (holding the difference between an agent and a broker is factual and depends on evidence of authorization).  The agency status of a broker depends on the relationship between the broker and the insured as well as the broker and the insurer.  *Fisher v. Aetna Life Ins. & Annuity Co.*, 39 F. Supp. 2d 508, 514 (M.D. Pa. 1998).  In Pennsylvania, a plaintiff acquires a cause of action against its insurance broker or agent if the agent or broker fails to act with the proper and customary skill and care generally used by those in a like business.  *Laventhol & Horwath v. Dependable Ins. Assoc., Inc.*,  579 A.2d 388, 391 (Pa. Super. 1990).  A clause  denying an agency relationship is not dispositive.  *Joyner v. Harleysville Ins. Co.*, 574 A.2d 664, 669 (Pa. Super. 1990).  In this case, the facts will determine whether Wausnock's negligence in writing the policy, as alleged in the Complaint, is attributable to State Farm.  Whether State Farm negligently wrote the disappointed siblings promising to protect all the owners of the property is also a factual question.

4

The siblings' fraud claim similarly depends on facts which are so far untested.  Under Pennsylvania law, the elements of fraud are: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.  *Bortz v. Noon*, 729 A.2d 555, 560 (1999).

The disappointed siblings' third cause of action, in equity, states no ground on which relief could be granted and will be dismissed along with the contract causes in reformation and bad faith.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM BANOS, et al.          :        CIVIL ACTION
                                      :
      v.                        :        No.    07-2783
                                        :
STATE FARM INSURANCE COMPANY    :

## ORDER

And now this 10th day of October, 2007, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Document 3) is GRANTED as to the Third, Fourth, and Fifth Causes of Action and DENIED as to the First and Second Causes of Action.  Plaintiffs's Motion to Amend their Complaint (Document 7) is DENIED.  It is further ORDERED Defendant shall file an answer within 20 days and a Rule 16 Conference will be held in the above-captioned matter on November 20, 2007 at 1:00 p.m. in Courtroom 5D.  Counsel are required to complete Rule 26(a) disclosures, to confer pursuant to Rule 26(f) and to submit to the Court a joint case management order at least 24 hours prior to the Rule 16 Conference.[5]

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez          J.

---

[5] See  Judge Sánchez's procedures:  www.paed.uscourts.gov/documents/procedures/sanpol.pdf.